MEMORANDUM **
Respondent-appellant L.E. Scribner appeals the district court’s conditional grant of petitioner-appellee Ian Cliett’s petition for a writ of habeas corpus under 28 U.S.C. § 2254 based on his claim that incriminating statements he made during a custodial interrogation were admitted at his trial in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
The California Court of Appeal’s decision finding ambiguity in Cliett’s invocation based on his prior cooperation with the detectives was an unreasonable application of clearly established federal law as recognized by our precedents. See 28 U.S.C. § 2254(d)(1). Supreme Court cases are the only definitive source of “clearly established” federal law under the Antiter-rorism and Effective Death Penalty Act; however, “we must follow our cases that have determined what law is clearly established.” Byrd v. Lewis, 566 F.3d 855, 860 n. 5 (9th Cir.2009) (citations omitted).
A person in custody has the right to cut off questioning at any time, and an invocation of that right must be “scrupulously honored.” Miranda, 384 U.S. at 479, 86 S.Ct. 1602. When Cliett stated, “I choose to remain silent,” in direct response to the detective’s inquiry about whether he was willing to talk, he unambiguously and unequivocally invoked his right to remain silent. See Anderson v. Terhune, 516 F.3d 781, 787 (9th Cir.) (en banc) (“Using ‘context’ to transform an unambiguous invocation into open-ended ambiguity defies both common sense and established Supreme Court law.”), cert. denied, Cate v. Anderson, 555 U.S. 818, 129 S.Ct. 344, 172 L.Ed.2d 29 (2008); see also Miranda, 384 U.S. at 445, 86 S.Ct. 1602 (“The mere fact that [the suspect] may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries.... ”). The detectives failed to scrupulously honor Cliett’s clear invocation by continuing to question him about whether he was willing to talk. See Anderson, 516 F.3d at 790 (“Where the initial request to stop the questioning is clear, ‘the police may not create ambiguity in a defendant’s desire by continuing to question him or her about it.’” (citation omitted)).
The district court correctly held that the admission of Cliett’s post-arrest statements “had substantial and injurious effect or influence in determining the jury’s verdict,” Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks and citation omitted). Cliett confessed that he was at the scene of the murder and, more specifically, had entered rival gang territory at night with a fellow gang member who he knew was seeking revenge. The prosecutor relied heavily on Cliett’s admissions *848 during opening and closing, and, as the district court noted, the other evidence was “less than overwhelming.”
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.